UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- X
VICTOR LORENZANA,                    :
                                     :
                  Petitioner,        :
                                     :
     -against-                       :
                                     :
UNITED STATES OF AMERICA,            :
                                     :
                  Respondent.        :
------------------------------- X

```
┌──────────────────────────────────┐
│ USDC SDNY                         │
│ DOCUMENT                          │
│ ELECTRONICALLY FILED              │
│ DOC #:                            │
│ DATE FILED: Aug. 15, 2013         │
└──────────────────────────────────┘
```

No. 11 Civ. 6153 (JFK)
**OPINION & ORDER**

APPEARANCES

Petitioner Victor Lorenzana, Pro Se

**JOHN F. KEENAN, United States District Judge:**

Following the Court's order denying his motion under 28 U.S.C. § 2255 ("Section 2255"), Petitioner Victor Lorenzana ("Lorenzana" or "Petitioner") filed a myriad of motions:  (1) a Rule 15(c) motion to amend his Section 2255 motion; (2) a Rule 59(e) motion to alter or amend the Court's decision on his Section 2255 motion; (3) a Rule 60(b) motion for relief from the Court's decision on his Section 2255 motion; (4) a motion asking the Court to appoint counsel to assist him with his Section 2255 proceedings; and (5) a motion requesting an evidentiary hearing regarding his trial counsel's performance.  For the following reasons, Lorenzana's motions are denied.

### I.   Background

The Court presumes familiarity with the facts, as set forth in the Court's Opinion and Order of September 27, 2012, denying

Lorenzana's Section 2255 motion in its entirety. See Lorenzana v. United States, No. 11 Civ. 6153, 2012 WL 4462006, at *6 (S.D.N.Y. Sept. 27, 2012).

## II.  Pro Se Standard of Review

Because Lorenzana is proceeding pro se, his submissions will be "liberally construed in his favor," Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), and will be read "to raise the strongest arguments that they suggest." Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citing Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

## III. Discussion

### A. Rule 15 Motion

Shortly after the Court denied his Section 2255 application, Lorenzana filed a motion to amend his Section 2255 application pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.  The motion states that it was mailed on October 5, 2012, eight days after the Court denied his Section 2255 application.  The Pro Se Office received the motion on October 25, 2012.

The motion seeks to amend the twelfth ground of his Section 2255 application to provide additional reasons why his attorneys were allegedly ineffective in advising him prior to the decision to go to trial and in handling the plea negotiation process.  In

2

connection with this motion, Lorenzana has submitted an affidavit detailing his allegations against his primary attorney, Jeremy Schneider.

Lorenzana claims that Mr. Schneider did not "inform him of the consequences of the charges" or the sentence he faced. Petitioner ("Pet'r") Rule 15 Mot. at 7. Lorenzana also states that Mr. Schneider informed him that the Government was offering him a 27-year prison sentence if he accepted a plea agreement, and that his attorney should have advised him of the "desirability" of that agreement. Pet'r Aff. at 1. Lorenzana asserts that his attorney should have advised him on these matters before the reverse proffer session with the Government. He further states that he attended the session with another attorney, Tonya Horton, whose representation he never consented to. Id. at 2.

Federal Rule of Civil Procedure 15 governs the amending of Section 2255 motions. It states that amendments are allowed "with the opposing party's written consent or the court's leave." Fed. R. Civ. Pro. 15(a)(1)-(2). The Rule further provides that "the court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). A court should deny a motion within its discretion for good reason, "including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d

184, 200 (2d Cir. 2007) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Lorenzana's request to amend falls squarely under "undue delay" and "futility."  As to undue delay, this information about his attorneys' performance, if true, has been available to Lorenzana for approximately seven years.  Lorenzana was convicted in June 2005, but did not articulate these details until October 2012 and does not provide any reason for this delay.   Lorenzana's proposed amendment is futile because it does not add any viable claims to his original petition.  In its opinion denying Lorenzana's Section 2255 petition, the Court held it did not state a valid ineffective assistance of counsel claim because it did not provide facts beyond Lorenzana's own account of his interactions with his attorney. See Lorenzana, 2012 WL 4462006, at *6.  The amendment that Lorenzana proposes here suffers from the same deficiency.  Lorenzana has not presented affidavits from anyone other than himself.

Finally, Lorenzana argues that the Court should overlook his delay in filing his Rule 15 motion because he is pro se.  Pet'r Rule 59 Mot. at 1.  Lorenzana is correct that the filings of pro se litigants are held to "less stringent standards than formal [filings] drafted by lawyers." See Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Second Circuit has held that, in certain circumstances, courts may allow a pro se plaintiff to

4

amend a filing after a court has entered judgment dismissing the original filing. Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984).  The purpose of permitting late amendments by pro se litigants is to afford them "every reasonable opportunity to demonstrate" that they have a "valid claim." Id. (emphasis added).  Consistent with the Second Circuit's instructions for pro se litigants, the Court has considered Lorenzana's proposed amendment.  However, the proposed amendment is meritless; therefore, even under the relaxed pro se standards for filing amendments, Lorenzana's Rule 15 motion must fail because this proposed amendment would not give rise to a valid claim or otherwise cause the Court to reconsider the claims it has already rejected.

## B. Rule 59(e) Motion

Lorenzana has also filed a motion under Federal Rule of Civil Procedure 59(e) to alter or amend the Court's judgment denying his Section 2255 petition.  "While there are no formal guidelines, courts have recognized four basic grounds on which a judgment may be altered or amended pursuant to Rule 59(e):  the need to prevent manifest injustice, the need to correct errors of law or fact, the availability of new evidence, or an intervening change in controlling law." D'Amico Dry Ltd. v. Primera Maritime (Hellas) Ltd., 09 Civ. 7840, 2011 WL 3273208, at *2 (S.D.N.Y. Aug. 1, 2011) (citing Virgin Atlantic Airways,

5

Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.
1992)).  A Rule 59(e) motion "may not be used to relitigate old
matters, or to raise arguments or present evidence that could
have been raised prior to the entry of judgment." Tavarez v.
United States, 1996 Cr. 895, 2005 WL 1500865, at *1 (S.D.N.Y.
Jun. 23, 2005) (quoting 11 Charles A. Wright, et al., Federal
Practice & Procedure § 2810.1, at 127-28 (1995)).

Lorenzana argues that the Court should grant his Rule 59(e)
motion on the ground that "new evidence" is available.  He avers
that he has provided additional facts to support his ineffective
assistance of counsel claim. See Pet'r Aff.

The motion is denied because neither the affidavit nor
Lorenzana's filings include new evidence or information that was
previously unavailable. See D'Amico Dry Ltd, 2011 WL 3273208, at
*2; Tavarez, 2005 WL 1500865, at *1.  As discussed above, the
information Lorenzana now provides, if true, has been available
to Lorenzana since his trial.  Lorenzana offers no explanation
why he failed to bring any of it to light until after the Court
ruled on his Section 2255 application.  Therefore, he has not
satisfied the standard under Rule 59(e).

### C. Rule 60(b) Motion

Lorenzana next seeks relief from the Court's denial of his
Section 2255 petition under Federal Rule of Civil Procedure
60(b).  "Rule 60(b) strikes a balance between serving the ends

of justice and preserving the finality of judgments.  In other words, it should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened. . . . Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (internal citations and quotation marks omitted).  Additionally, "relief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d. Cir. 2004).

Lorenzana makes three arguments under Rule 60(b).  First, he argues under Rule 60(b)(4) that the judgment is void because it violated due process.  Lorenzana claims the Court should have held an evidentiary hearing regarding his attorneys' allegedly ineffective performance and required affidavits from his attorneys and the Government "concerning the events that occurred at the plea discussions." Pet'r Rule 60(b) Mot. at 3.

Under Rule 60(b)(4), a judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Grace v. Bank Leumi Trust Co. Of NY, 443 F.3d 180, 193 (2d Cir. 2006) (citing Texlon Corp. v. Mfrs. Hanover Commercial Corp., 596 F.2d 1092, 1099 (2d Cir. 1979)).  An

7

evidentiary hearing on an ineffective assistance of counsel claim is required only when the prisoner has stated a "plausible" claim. Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009).

Here, Lorenzana did not state a plausible claim of ineffective assistance of counsel in his Section 2255 petition. As this Court stated in its denial of Lorenzana's Section 2255 petition, his claim was "unsupported" because it was based entirely on his own account of his interactions with his attorney. Lorenzana, 2012 WL 4462006, at *6. Additionally, the Court is not required to solicit sworn statements in connection with its evaluation of a habeas motion.

Lorenzana's second claim is under Rule 60(b)(1), which provides that a court may grant relief from a judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. Pro. 60(b)(1). The Second Circuit has held that certain errors by a party, his representatives, or the district court can lead to relief under Rule 60(b)(1). See EMI Entertainment World Inc. v. Karen Records, Inc., 05 Civ. 390, 2013 WL 2480212, at *2 (S.D.N.Y. Jun. 10, 2013) (citing In re Emergency Beacon Corp., 666 F.2d 754, 759 (2d Cir. 1981); In re 310 Associates, 346 F.3d 31, 35 (2d Cir. 2003)). Courts have also granted relief under this provision when a movant has shown a good reason for a late filing. See Foley v. United States, 645 F.2d

8

155, 157 (2d Cir. 1981) (reversing district court's decision not
to grant relief due to a late filing after a series of "mistakes
and logistical difficulties").

Lorenzana does not identify any examples of "mistake,
inadvertence, surprise, or excusable neglect."  Since he has not
advanced any substantive arguments in support of this motion,
Lorenzana is not entitled to relief under Rule 60(b)(1).

The final argument that Lorenzana makes under Rule 60 is
based on 60(b)(6), which is the catch-all provision covering
"any other reason that justifies relief." Fed. R. Civ. Pro.
60(b)(6).  A party is entitled to relief under subsection (6)
only "where there are extraordinary circumstances, or where the
judgment may work an extreme and undue hardship." See Marrero
Pichardo v. Ashcroft, 374 F.3d 46, 55-56 (2d Cir. 2004) (citing
Matarese v. LeFevre, 801 F.2d 98, 106 (2d Cir. 1986)).  There
are no extraordinary circumstances here that would justify
relief under this provision.

### D. Appointment of Counsel

Lorenzana has filed a motion asking "that counsel be
appointed for the purpose of assisting him in [his] § 2255
proceedings." Pet'r Counsel Mot. at 1.  Lorenzana's proceedings
under Section 2255 are concluded.  The Court rejected his
initial application and has now rejected his motion to amend his
application and his motions to reconsider or vacate the Court's

judgment.   Accordingly, Lorenzana has not shown a need for appointed counsel.

### E. Evidentiary Hearing

Lorenzana has also requested an evidentiary hearing to develop more facts about his attorneys' alleged ineffective performance. Pet'r Rule 15 Mot. at 3; 6-7.  As discussed above, a prisoner is entitled to an evidentiary hearing regarding his counsel's alleged ineffectiveness when he has stated a "plausible" claim. <u>Puglisi</u>, 586 F.3d 209, 213.  For the reasons discussed above, Lorenzana has not stated a "plausible" claim.

### IV. Conclusion

For the foregoing reasons, Lorenzana's motions are denied.


**SO ORDERED.**

Dated:     New York, New York
           August  14 , 2013

                              _____
                                  John F. Keenan
                              United States District Judge


10